UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL ANTHONY ROBBINS,

        Plaintiff,         Case No. 1:10-cv-1241

v.         Honorable Robert J. Jonker

RICH HALLWORTH et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all of the named Defendants, except for Plaintiff's Eighth Amendment claim against Defendants Fletcher, Graham, Neyo and Lambart.

**Factual Allegations**

Plaintiff is incarcerated at the Handlon Correctional Facility. In his *pro se* complaint, he sues Rich Hallworth, President and CEO, PHS Correctional Healthcare; Michael W. Taylor, CFO, PHS Correctional Healthcare; J. Scott King, Senior Vice General Counsel, PHS Correctional Healthcare; Lawrence H. Pomeroy, President, State Corrections; Geoffrey Perselay, President/CEO, Correctional Health Services; American Services Group, PHS Correctional Healthcare; Prison Health Services, Inc.; and the Michigan Department of Corrections (MDOC). In addition, Plaintiff sues the following employees of the Handlon Correctional Facility: Dr. Roger Gerlack; Psycohlgist D. Reinbolo; Medical Practitioner Brendon Sherry; Health Information Manager Barbara Zeis, Registered Nurse and Risk Management Coordinator Joshua Schad, Registered Nurses and Health Unit Managers J. LaBarre and Michelle Pelon and the following Registered Nurses: (unknown) Jones, J. Swain, R. Neyo, R. Hunt, (unknown) Endres, (unknown) McLean, K. Stouffer, Julie Fletcher, Todd Lambart, Douglas Graham, Heidi Smith and Venette Schafer. Plaintiff also sues unknown parties named as "Bonds of all the Defendants" and John Does 1-100.[1]

Plaintiff claims that he suffers from chronic neck and back pain, migraine headaches and diabetes. He makes broad allegations against Defendants for failing to provide him with proper medical care for his conditions in violation of the Eighth Amendment and the Fourteenth Amendment Due Process Clause. However, the only specific allegations contained in the complaint concern his transfer from the Newberry Correctional Facility to the Richard A. Handlon Correctional Facility on April 28, 2010. Plaintiff claims that while he was being evaluated by Defendants

---

[1] Plaintiff assigned letters to each of the named Defendants, ranging from A to ZZZZ. For purposes of the opinion and order, the Defendants will be referred to by name.

Fletcher and Graham following his arrival at Handlon, he requested pain medication for "his major migra[i]ne headache and pain and discomfort from being without his diabetic insulin while in transit to the prison." (Compl, ¶ 12, Page ID#10.) Defendants Fletcher and Graham instructed him to send a medical kite in order to be seen by nursing staff. Plaintiff sent kites on April 28 and May 1. On May 3, Plaintiff received a written response from Defendant Neyo saying only "watch callout." Plaintiff claims that he was not seen by nursing staff for eight days. Plaintiff claims that he suffered terrible pain and discomfort during that period and was without pain medication or insulin. Plaintiff sent an additional medical kite on May 10, 2010, requesting to see a neurologist about his chronic migraine, back and shoulder pain. Defendant Lambart responded "You are scheduled to see the nurse about these matters, an appropriate referral will be made **if necessary** at that time." (Compl., 16, Page ID#11.) Plaintiff claims that no such neurological evaluation has occurred and he continues to suffer unnecessary pain due to the deliberate indifference of all of the named Defendants.

Plaintiff also generally asserts that the Defendant medical staff members are denying him medical care in retaliation for his grievances concerning inadequate medical care. The only specific allegations he makes with regard to retaliation are that Defendants Pelon and Schad, as supervisory personnel, "fail[ed] to abate the retaliatory acts of commissions [sic] of their subordinate staff," thus placing Plaintiff at risk of irreparable harm. (Compl, ¶ 25, Page ID#13.)

Plaintiff seeks injunctive relief and monetary damages of $900,000.

## Discussion

I.   Immunity

As an initial matter, Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the

Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. Mar. 12, 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the MDOC must be dismissed.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     **Eighth Amendment**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

With the exception of Defendants Fletcher, Graham, Neyo and Lambart, Plaintiff fails to make specific factual allegations against the named Defendants concerning the alleged denial of medical care. Rather, Plaintiff makes sweeping, conclusory assertions throughout his complaint that

all of the named Defendants ("Defendants A thru ZZZZ") denied him medical treatment. Plaintiff has failed to sufficiently plead facts that would allow the Court to draw a reasonable inference that Defendants, other than Fletcher, Graham, Neyo and Lambart, are liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949-50. Moreover, to the extent Plaintiff sues Defendants by virtue of their supervisory capacity within PHS Correctional Healthcare, the MDOC or the Handlon Correctional Facility, he fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants engaged in any active unconstitutional behavior. Accordingly, Plaintiff's Eighth Amendment claim must be dismissed against all of the named Defendants, except Defendants Fletcher, Graham, Neyo and Lambart.

As set forth above in the statement of fact, Plaintiff claims that Defendants Fletcher, Graham, Neyo and Lambart denied him medical treatment following his transfer to the Handlon

Correctional Facility. Plaintiff claims that as a result of Defendants' conduct he was without pain medication or insulin for and suffered terrible pain and discomfort. He also contends that he has been denied a neurological evaluation for his ongoing migraines and neck and shoulder pain. At this stage of the proceedings, the Court finds that Plaintiff's allegations against Defendants Fletcher, Graham, Neyo and Lambart are sufficient to state an Eighth Amendment claim.

B.  **Fourteenth Amendment Due Process**

Plaintiff also asserts a Fourteenth Amendment due process claim arising from the denial of medical treatment, which the Court construes as a substantive due process claim. The Eighth Amendment is Plaintiff's proper source for relief. The Eighth Amendment protects prison inmates against deliberate indifference to their serious medical needs, regardless of how that deliberate indifference is evidenced. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Eighth Amendment is the primary source of substantive protection to a prison inmate alleging the denial of medical care. *Whitley v. Albers*, 475 U.S. 312, 319, 327 (1986) (citing *Estelle*, 429 U.S. at 104); *see also Walker v. Norris*, 917 F.2d 1449, 1455 (6th Cir. 1990) (recognizing that the reasoning of *Graham* applies "in the context of claims arising under the eighth amendment."); *Dodson v. Wilkinson*, 304 F. App'x 434 (6th Cir. 2008) (same). Accordingly, Plaintiff's substantive due process claim will be dismissed for failure to state a claim.

C.  **Retaliation**

Plaintiff generally asserts that all of the named Defendants ("Defendants A thru ZZZZ") denied him medical care in retaliation for his grievances concerning medical care. Plaintiff

only specifically alleges that Defendants Pelon and Schad, as supervisory personnel, "fail[ed] to abate the retaliatory acts of commissions [sic] of their subordinate staff," thus placing Plaintiff at risk of irreparable harm. (Compl, ¶ 25, Page ID#13.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Assuming Plaintiff can satisfy the first two requirements for a retaliation claim, he fails to satisfy the third. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts

are not enough to establish retaliation claims" that will survive § 1915A screening). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to support his conclusion that all of the named Defendants retaliated against him because of his grievances. The Supreme Court recently held in *Iqbal* that in order to state a claim, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. at 1949.

Furthermore, as discussed above, Defendants Pelon and Schad cannot be held liable for the conduct of their employees under a theory of respondeat superior of vicarious liability. *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Pelon and Schad engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a retaliation claim against any of the named Defendants.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that all of the claims and Defendants named in the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e, with the exception of Plaintiff's Eighth Amendment claim against Defendants Fletcher, Graham, Neyo and Lambart. The Court will serve the complaint against those four Defendants.

An Order consistent with this Opinion will be entered.


Dated:  April 21, 2011           /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE