UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY ROBBINS,

    Plaintiff,

CASE NO. 1:10-CV-1241

v.

HON. ROBERT J. JONKER

RICH HALLWORTH, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 29), as well as Objections made by Plaintiff (docket # 31). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### Analysis

In his Report and Recommendation, Magistrate Judge Brenneman recommends that

Plaintiff's claims against Defendants Julie Fletcher, Todd Lambart, and Douglas Graham be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. (Report and Recommendation, docket # 29, at 7.) After a de novo review of the record, the Court adopts the Report and Recommendation.

Under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, a prisoner must exhaust his administrative remedies before filing a federal lawsuit under 42 U.S.C. § 1983. (*Id.* at 4.) The Michigan Department of Corrections ("MDOC") requires prisoners to follow a three-step process to exhaust grievances. (*Id.* at 4-5.) First, if the prisoner is unable to resolve the issue directly with the allegedly responsible staff member, the prisoner must file a Step I grievance with the appropriate grievance coordinator. (*Id.*) Second, if the prisoner is dissatisfied with the Step 1 response, he must file the appropriate form with the Step II coordinator. (*Id.*) Third, if the prisoner remains dissatisfied, he must complete a Step III grievance, which is filed with the Grievance and Appeals Section. (*Id.*)

As the Magistrate Judge noted, "Richard D. Russell . . . of . . . MDOC's Grievance Section . . . submitted an affidavit stating that he searched the records for Step III grievance appeals filed by plaintiff for the time period relevant to his complaint," but none of the grievances on file named Defendants Fletcher, Lambart or Graham. (*Id.*) Plaintiff objects to the Report and Recommendation because he believes Mr. Russell's affidavit stating that Plaintiff never filed a Step III grievance as to Defendants is a "blatant lie," and that he in fact exhausted his administrative remedies prior to filing this lawsuit. (docket # 31, at 1.) In support of his position, Plaintiff notes two specific grievances against Defendants that he allegedly exhausted: Grievance MTU 101101188012d (the "12d Grievance"), and Grievance MTU 100800822012e (the "12e Grievance"). (*Id.* at 2.) Plaintiff's

argument is unavailing.  With respect to the 12d Grievance, it was indeed exhausted through Step III, but did not name any of Defendants in the instant action. (docket # 31-1.)  Defendant Lambart's name appears on the 12d Grievance, but as the Step I Grievance Coordinator, not as the subject of the complaint.  (*Id.*)  As to the 12e Grievance, it names Defendant Graham, but only proceeded through Step II of the grievance process—not Step III as required.  (*Id.*)  Consequently, Plaintiff failed to properly exhaust his remedies as to the grievances outlined in the Magistrate Judge's Report and Recommendation.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006); *Sullivan v. Kasajaru*, 316 Fed. Appx. 469, 470 (6th Cir. 2009).

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed November 14, 2011 (docket # 29) is approved and adopted as the opinion of this Court.

The case remains open against Defendant R. Neyo, as he has not yet been served with the Complaint.


Dated:   February 13, 2012              /s/Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE